**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZET WADU, individually and as personal representative of the estate of MIA TRESETYANI WADU, deceased, NI LUH SUDARNI, and ARDY SAMUEL CORNELIS WADU, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, a Delaware corporation, <br><br> Defendant. | No. __22-cv-4896_____ <br><br> Removed from <br> Circuit Court of Cook County, <br> County Department, Law Division <br> No. 2022L007384 |

## NOTICE OF REMOVAL

Defendant The Boeing Company ("Boeing") hereby removes this civil action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. §§ 1332(a), 1333(1), 1441, and 1446. This action arises from the crash of Sriwijaya Air Flight 182 into the Java Sea on January 9, 2021. This Court has original jurisdiction because there is complete diversity between Boeing and Plaintiffs and because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Court also has original jurisdiction, and removal is proper under 28 U.S.C. § 1441(a), because Plaintiffs' claims arise under the Court's admiralty jurisdiction. 28 U.S.C. § 1333(1). As a short and plain statement of the grounds for removal, Boeing states the following:

## I. INTRODUCTION AND BACKGROUND

### A. The accident

This lawsuit arises from the crash of a Boeing 737-500 aircraft into the Java Sea off the coast of Indonesia, on January 9, 2021. The aircraft, Registration No. PK-CLC, was being operated by Sriwijaya Air, an Indonesia air carrier. Ex. A, Complaint ¶¶ 3, 8. The flight was a commercial, intra-Indonesia flight that departed from Jakarta, Indonesia, and was bound for Pontianak, Indonesia. *Id.* ¶ 8. Jakarta is located on the Indonesian island of Java, while Pontianak is across

NOTICE OF REMOVAL

the Java Sea on the island of Borneo. Shortly after takeoff, the aircraft crashed into the water several miles off the coast of Java. Ex. B, KNKT Preliminary Aircraft Accident Investigation Report at 9-10, 17-18. A map depicting the flight path follows:



Hannah Beech & Muktita Suhartono, *Indonesian Jetliner Crashes Into the Sea After Takeoff, Carrying 62*, N.Y. Times, Jan. 9, 2021, https://www.nytimes.com/2021/01/09/world/asia/indonesia-plane-crash.html; *see also* Jon Emont et al., *Indonesia Plane Crash: Boeing Passenger Jet Plunges Into Java Sea*, Wall St. J., Jan. 9, 2021, https://www.wsj.com/articles/indonesia-says-sriwijaya-air-flight-loses-contact-with-air-traffic-control-11610193925; Ex. B, KNKT Report at 9-10. All sixty-two occupants were citizens of Indonesia. Ex. B, KNKT Report at 10. All the aircraft's occupants perished in the crash. Ex. A, Compl. ¶ 10.

### B. The state court action

On August 16, 2022, Plaintiffs filed this action against Boeing in the Circuit Court of Cook County, Illinois, County Department, Law Division. *See generally* Ex. A, Compl. The matter is

pending as Case No. 2022L007384. *Id.* Plaintiffs, as heirs and beneficiaries, bring wrongful death claims on their own behalf and survival actions on behalf of the estate of Mia Tresetyani Wadu, (the "Decedent"), deceased, an on-duty flight attendant on board the accident flight. *Id.* ¶¶ 1, 8, 11. Plaintiffs are citizens and residents of Indonesia. *Id.* ¶ 1. Decedent was a citizen and resident of Indonesia at the time of her death. *Id.*

Plaintiffs allege that Boeing designed, manufactured, assembled, and sold the subject aircraft. *See id.* Count I ¶ 3. Plaintiffs further allege that, during the accident flight, the "thrust lever for the left engine of the accident aircraft began reducing, while the thrust lever for the right engine remained the same" due to the failure of the aircraft's autothrottle system. *See id.* Count I ¶ 9. According to Plaintiffs, the failure of the autothrottle system caused the aircraft to crash. *See id.* Count I ¶¶ 9–10. Plaintiffs allege that the aircraft was defectively and negligently designed because the autothrottle was subject to failure and Boeing failed to warn and did not provide adequate instructions as to the maintenance of the aircraft and autothrottle or recovery of the aircraft in the event of an upset or autothrottle failure. *See id.* Counts I-IV ¶¶ 6–7. Based on these allegations, Plaintiffs bring claims based on strict products liability and negligence. *See generally id.* Plaintiffs seek damages, including "loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief." *Id.* Count I ¶ 12.

## II. GROUNDS FOR REMOVAL

A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). As set forth below, this Court has original jurisdiction based on and diversity, 28 U.S.C. § 1332, and admiralty, 28 U.S.C. § 1333(1).

### A. This Court has diversity jurisdiction.

District courts have original jurisdiction of all civil actions where there is diversity between plaintiffs and the defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ashenden v. Lloyd's of London*, 934 F. Supp. 992, 995 (N.D. Ill. 1996) ("Section 1332 has been

interpreted to require 'complete diversity,' that is, each and every defendant must have different citizenship from each and every plaintiff."). Both requirements are satisfied here.

### 1.      The parties are completely diverse.

Plaintiffs and Decedent are citizens of Indonesia. Plaintiffs Zet Wadu, Ni Luh Sudarni, and Ardy Samuel Cornelis Wadu are citizens and residents of Indonesia. Ex. A, Compl. ¶ 1. Decedent was a citizen and resident of Indonesia at the time of her death. *Id*. For diversity purposes, Plaintiff Zet Wadu, in his individual capacity and as the personal representative of Decedent's estate, and Plaintiffs Ni Luh Sudarni and Ardy Samuel Cornelis Wadu are citizens of Indonesia. *See* 28 U.S.C. §§ 1332(a)(2), 1332(c)(2); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93–94 (2005).

Boeing is a citizen of both Delaware and Virginia. Boeing is a Delaware corporation that has its headquarters and principal place of business in Arlington, Virginia. *See* Boeing's 2022 Form 10-Q Quarterly Report for quarterly period ending June 30, 2022 at 1 (listing Arlington, Virginia as the "Address of principal executive offices"), available at https://s2.q4cdn.com/661678649/files/doc_financials/2022/q2/360ad74f-1271-4756-a26b-36341c049389.pdf (last visited September 9, 2022).[1] For diversity purposes, Boeing is a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1).

### 2.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

When, as here, plaintiffs do not allege a specific amount in controversy, a defendant need only make a good faith estimate of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018) (a defendant's plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a legal certainty that plaintiff's claim is for less than requisite

---

[1] Boeing's corporate headquarters was previously in Chicago, Illinois, but was recently moved. When the Complaint and this Notice of Removal were filed, Boeing's corporate headquarters were in Arlington, Virginia. For diversity purposes, Boeing's principal place of business is therefore in Virginia. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (holding a corporation's nerve center, which "will typically be found at a corporation's headquarters," is its principal place of business for diversity jurisdiction purposes); *MAS Cap., Inc. v. Biodelivery Scis. Int'l, Inc.*, 524 F.3d 831, 832 (7th Cir. 2008) (stating that "the time that matters" for determining a corporation's principal place of business is "[w]hen the notice of removal [is] filed").

amount). Claims for wrongful death are usually sufficient to establish a good faith basis that the amount in controversy exceeds $75,000. *See In re: Incretin Mimetics Prods. Liab. Litig.*, 2015 WL 11658714, at *4 (S.D. Cal. Mar. 16, 2015); *see also Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (stating that a complaint that alleged wrongful death and loss of consortium, among other things, was sufficient to meet the amount-in-controversy requirement); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (holding that it was facially apparent from complaint that jurisdictional amount was exceeded, given that claims were for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses).

Boeing alleges that the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs.[2] *See* 28 U.S.C. § 1446(c)(2)(A)(ii). Boeing makes this assertion in good faith given that Plaintiffs claim damages for pre-death injuries to Decedent and for wrongful death, including "loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow, and grief." Ex. A, Compl. Counts II and IV ¶¶ 11–12, Counts I and III, ¶ 12. Plaintiffs also seek damages in excess of the Illinois jurisdictional minimum for each of their counts. *Id.* This is sufficient for Boeing to establish a good faith basis that the amount in controversy exceeds $75,000. *See Sagez v. Columbus McKinnon Corp.*, 2015 WL 13836836, at *5 (S.D. Ill. June 1, 2015).

## B. This Court has admiralty jurisdiction.

Federal district courts "have original jurisdiction . . . of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). A civil case is one of "admiralty jurisdiction" if (1) the alleged "tort occurred on navigable water," and (2) the activity in question bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) (quoting *Sisson v. Ruby*, 497 U.S. 358, 365 (1990)); *see also Lu Junhong v.*

---

[2] Boeing does not concede that Plaintiffs are entitled to recover more than $75,000 and denies that Plaintiffs are entitled to recover any damages from Boeing.

*Boeing Co.*, 792 F.3d 805, 813–17 (7th Cir. 2015) (holding admiralty jurisdiction removal by Boeing was proper in case involving alleged torts occurring during transoceanic flight). Both requirements are satisfied here.

### 1.     The alleged tort occurred on navigable water.

Sriwijaya Air Flight 182 crashed into the Java Sea while flying from one Indonesian island to another. *See* Ex. B, KNKT Report at 9-10, 17-18; Ex. A, Compl. ¶ 8. Accordingly, the alleged "tort occur[ed]" at least in part "on navigable waters."[3] *Grubart*, 513 U.S. at 534. The first requirement for establishing admiralty jurisdiction is therefore satisfied. *Id.*; *Lu Junhong*, 792 F.3d at 815–16 (explaining that § 1333(1) does not "require[] the whole tort to occur on the water," and finding admiralty jurisdiction based on claims relating to the aircraft's autothrottle system design and its performance while aircraft was over navigable water).

### 2.     The accident flight bore a substantial relationship to traditional maritime activity.

The activity giving rise to the accident in this case—a flight from Jakarta, on the island of Java, to Pontianak, on the island of Borneo—has a "substantial relationship to traditional maritime activity." *Grubart*, 513 U.S. at 534. Before the advent of aircraft, such a journey would have been made by an ocean-going vessel and is therefore sufficiently related to traditional maritime activity to warrant the exercise of admiralty jurisdiction. *See Lu Junhong*, 792 F.3d at 816 ("Asiana 214 was a trans-ocean flight, a substitute for an ocean-going vessel—as flights from the contiguous United States to and from Alaska, Hawaii, and overseas territories also would be—and thus . . . this

---

[3] For purposes of admiralty law, "a tort is deemed to occur where the injury occurs." *Taghadomi v. Extreme Sports Maui*, 257 F. Supp. 2d 1262, 1269 (D. Haw. 2002), *aff'd sub nom. Taghadomi v. United States*, 401 F.3d 1080 (9th Cir. 2005). The same is true under any potentially applicable state law. *See, e.g.*, *Corinthian Mortg. Corp. v. Choicepoint Precision Mktg., LLC*, 543 F. Supp. 2d 497, 501 (E.D. Va. 2008) (Virginia) (subsequent history omitted); *Beigel & Sandler v. Weinstein*, 1992 WL 357523, at *2 (N.D. Ill. Nov. 24, 1992) (Illinois); *Lewis ex rel. Lewis v. Bours*, 835 P.2d 221, 225 (Wash. 1992) (Washington); *Handy v. Uniroyal, Inc.*, 327 F. Supp. 596, 599 (D. Del. 1971) (Delaware). Accordingly, this particular issue does not require the Court to examine or choose among any potentially applicable bodies of substantive law, and Boeing does not waive, but rather expressly reserves, the right to invoke and/or object to the application of any particular body of substantive law in the future, as may be appropriate to the facts and circumstances of the case. By filing this Notice of Removal, Boeing does not waive any other rights, privileges, or defenses and does not concede that this is an appropriate or convenient forum for resolution of these or any other claims.

situation 'might be thought to bear a significant relationship to a traditional maritime activity.'" (quoting *Exec. Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 271 (1972))); *Miller v. United States*, 725 F.2d 1311, 1315 (11th Cir. 1984) (flight from Bahamas to Florida within admiralty jurisdiction); *Williams v. United States*, 711 F.2d 893, 896 (9th Cir. 1983) (flight from California to Hawaii within admiralty jurisdiction); *Roberts v. United States*, 498 F.2d 520, 524 (9th Cir. 1974) (flight from California to Vietnam within admiralty jurisdiction). The second requirement for establishing admiralty jurisdiction is satisfied.

### III.    REMOVAL IS TIMELY

Plaintiffs filed their Complaint on August 16, 2022. *See* Ex. A, Compl. Boeing has not yet been served. This Notice of Removal is timely filed. 28 U.S.C. § 1446(b).

### IV.    VENUE IS PROPER

The venue for this removed action is proper. This Court is the United States District Court for the district and division embracing the place where the removed action was pending. *See* 28 U.S.C. § 1441(a).

### V.    NOTICE TO STATE COURT AND TRANSFER OF RELEVANT MATERIALS

Boeing is serving this Notice of Removal on Plaintiffs today and will promptly file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois. *See* 28 U.S.C. § 1446(d). All copies of all papers and pleadings on file with the State court are attached at Exhibit C. *See* 28 U.S.C. § 1446(a).

### VI.    CONCLUSION

WHEREBY, Boeing hereby removes this action from the Circuit Court of Cook County, Illinois, to this Court.

Dated:  September 9, 2022                          THE BOEING COMPANY


                                                   By:  /s/ Keith Klein
                                                   _____
                                                          One of Its Attorneys


Keith Klein
**PERKINS COIE LLP**
110 North Wacker Drive, 34th Floor
Chicago, IL  60606
(312) 324-8400
KKlein@perkinscoie.com

Mack H. Shultz
Daniel P. Ridlon
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
(206) 359-8000
MShultz@perkinscoie.com
DRidlon@perkinscoie.com

## CERTIFICATE OF SERVICE

I, Keith Klein, certify that on September 9, 2022, I electronically filed the foregoing *NOTICE OF REMOVAL* with the Clerk of the Court using the CM/ECF system and served a copy by mail and email on the following counsel.

Thomas P. Routh, Esq. (36211)
**NOLAN LAW GROUP**
20 North Clark Street
30th Floor
Chicago, Illinois 60602
Tel: (312) 630-4000
tpr@nolan-law.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 9th day of September, 2022.

/s/     Keith Klein
**PERKINS COIE LLP**
110 North Wacker Drive, 34th Floor
Chicago, IL 60606
Tel: (312) 324-8400